In re Gerald Wayne HICKS, Debtor.

Gerald Wayne Hicks, Appellant,

v.

United States of America, Appellee.

No. 8:99–CV–1013–T–25F.

Bankruptcy No. 97–16513–8B3.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 16, 2000.

---

Gerald Wayne Hicks, Brandon, FL, pro se.

Patricia A. Willing, U.S. Attorney's Office, Tampa, FL, John A. Galotto, Tammie R. Adams, U.S. Dept. of Justice, Tax Division, Washington, DC, for United States.

cy courts "possess 'the inherent authority to

## ORDER

ADAMS, District Judge.

This is an appeal of the bankruptcy court's Order granting summary judgment on March 5, 1999. From the record herein, and Briefs of the parties, the Court finds the following:

Gerald W. Hicks ("Debtor") filed a voluntary petition in bankruptcy under Chapter 13 on October 7, 1997. The United States of America ("United States") filed a Proof of Claim on January 12, 1998, listing assessed federal tax liabilities and accrued interest totaling $40,338.97. The Debtor filed an Objection to Claim on June 3, 1998, and renewed Objection on August 10, 1998. The objections raised several issues but, the issue pertinent to this appeal was stated as follows:

> That on or about October 18, 1995, the IRS received monies owed to Hicks in the amount of $8,487.04, from Centex–Great Southwest Corporation, pursuant to a *Notice of Tax Levy*, however Hicks has never received a Notice of Seizure required by 26 U.S.C. § 6335(a), or credit for this amount against any alleged, outstanding IRS debt. The claim of the IRS as stated in the proof of claim should be reduced, to reflect such credit due Hicks.

The United States filed a Motion for Summary Judgment on October 27, 1998, to which the Debtor responded orally at the hearing on said motion. The motion requested summary judgment on the issues raised in the Debtor's objection and renewed objection and was granted by the Bankruptcy Court on March 5, 1999. The order granting summary judgment simply stated that it was being granted for "the reasons stated orally and recorded in open court." (Bkr. Dkt. 57) Neither party submitted a transcript as a part of the record on this appeal. Therefore, the reasons for granting the motion are unknown.

disbar or suspend lawyers from practice' ").

The Debtor raises only the "wrongful levy argument" on this appeal. Specifically, the Debtor claims that the IRS failed to credit his taxes with the $8,487.04 that it seized in 1995 pursuant to a Notice of Levy naming him as the taxpayer from Centex–Great Southwest Corporation ("Centex"). The United States denies that the IRS issued a Notice of Levy naming the Debtor as the delinquent taxpayer and claims that no such evidence appears in the record. Consequently, the United States argues that the Debtor's claim is barred under 26 U.S.C. § 7426(a)(1) which states:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States....

In its Brief, which was submitted before the Debtor's, the United States claims that on or about December 19, 1994, the IRS served a Notice of Levy on Centex seeking to collect outstanding federal taxes for 1987 and 1988 for taxpayer Carol A. Titze/A–1 Painting Systems ("Titze") of $153,744.22. In response to the levy and because of conflicting claims of the Debtor and Titze, Centex commenced an interpleader action in the United States District Court, Middle District of Florida, Tampa Division in August 1995. Subsequently, Centex submitted $8,487.04 to the IRS and voluntarily dismissed the interpleader action. The collected funds were credited to the account of Titze, the delinquent taxpayer named on the Notice of Levy. The record on appeal herein is sparse and does not support the United States' claim. The record does not contain a copy of the Notice of Levy to Centex or any other document showing its existence. Nothing before this court shows that a Notice of Levy was issued to Centex naming Carol A. Tize/A–1 Painting System as the delinquent taxpayer.

The record on appeal does contain some evidence that the levy was issued to Centex naming the Debtor as the delinquent taxpayer. Attached to the Debtor's Objection to Claim (Dkt. 30) is a copy of correspondence from James E. Glass, Esquire, dated October 24, 1995, responding to a Notice of Tax Levy "identifying Gerald W. Hicks as the delinquent tax payer" and forwarding a check in the amount of $8,487.04 to the IRS. The letter is in reference to the interpleader action filed by Centex in the District Court in which Attorney Glass was counsel. Also attached to the Debtor's Objection to Claim (Dkt. 30) is a copy of the Notice of Voluntary Dismissal filed by Attorney Glass on behalf of Centex. Because the record contains evidence that the Debtor is the taxpayer whose delinquent taxes form the basis for the levy, his claim may not be barred as untimely under § 7426(a)(1). A taxpayer who is "the person against whom is assessed the tax out of which such levy arose" is not authorized to bring an action pursuant to § 7426(a)(1). If the Notice of Levy is based on the Debtor's Tax assessment, he could not bring an action under § 7462(a)(1). There appears to be genuine issues of fact present relating to the Debtor's claim that the levy issued in this matter was based on the Debtor's delinquent taxes. This would be so even if the record before this court also showed a Notice of Levy based on Titze tax assessment. Therefore, it is

**ORDERED:**

The Order granting summary judgment and the Judgment entered pursuant to said Order are **VACATED AND RE-VERSED** as to the issue discussed herein alone. This matter is **REMANDED** to the Bankruptcy Court.